IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 13-52749-BEM |
| | ) | |
| JESUS CRESENCIANO MEDINA, | ) | CHAPTER 7 |
| | ) | |
| Debtors. | ) | |
| | ) | |

**MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT BETWEEN TRUSTEE AND FIRST AMERICAN TITLE INSURANCE COMPANY**

COMES NOW, Neil C. Gordon, Chapter 7 Trustee ("Trustee") for the bankruptcy estate of Jesus Cresenciano Medina (the "Estate"), and, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, files this *Motion for Approval of Settlement Agreement* (the "Motion") between Trustee and First American Title Insurance Company ("First American"), and shows this Honorable Court as follows:

1. Jesus Cresenciano Medina ("Debtor") filed his petition under Chapter 13 of Title 11 of the United States Code on February 8, 2013 (the "Petition Date"), together with *Schedules "A" through "J"* (the "Sworn Schedules"), thereby initiating Case No. 13-52749-BEM (the "Case").

2. On April 24, 2013, the Case was converted to a proceeding under Chapter 7, at which time, Trustee was appointed interim Chapter 7 trustee, pursuant to 11 U.S.C. § 701.

3. The original meeting of creditors was scheduled for May 29, 2013, pursuant to 11 U.S.C. § 341(a) (the "341 Meeting"), but Debtor did not appear at that time, and the

6005933v1

341 Meeting was rescheduled to June 26, 2013.

4. Trustee conducted and concluded the 341 Meeting on June 26, 2013 and became permanent Chapter 7 trustee.

5. On June 27, 2013, Trustee filed his *Application to Appoint Attorney for Trustee* [Doc. No. 29] and an *Order* [Doc. No. 30] was entered by the Court on July 9, 2013, appointing Arnall Golden Gregory LLP as attorneys for the Trustee.

6. Debtor has an undivided one-half interest in the real property known generally as 2986 Kaley Drive, NW, Kennesaw, Cobb County, Georgia 30152 (the "Property"), which he jointly owns with Kristin Medina ("Ms. Medina").

7. Debtor scheduled a "first mortgage" on the Property with a payoff in the amount of $175,865.00 in favor of American Home Mortgage Servicing, Inc. ("AHMSI") and a "second mortgage" in the amount of $33,000.00 in favor of Chase Mortgage.

8. On July 22, 2013, Trustee caused a *Notice of Bankruptcy Filing and Claim of Chapter 7 Trustee* to be recorded in the Property's chain of title, placing the whole world on notice of Trustee's claim of interest on the Property.

9. The *Security Deed* dated April 13, 2007 was recorded with the Superior Court of Cobb County on April 23, 2007 (the "Security Deed") in favor of HomeBanc Mortgage Corporation, it successors and assigns ("HomeBanc").

10. AHMSI later acquired the Security Deed from HomeBanc.

11. Trustee asserted that the Security Deed (a) lacks the signature of an official witness as required by O.C.G.A. § 45-17-6 because there is no notarial stamp or seal

accompanying the signature of the witness who signed the "notary public" line; (b) was not in recordable form; and (c) if recorded nonetheless, would not provide actual or constructive notice as a matter of law (the "Attestation Defect").

12. Trustee asserted that the Attestation Defect renders the Security Deed unenforceable and avoidable by Trustee, pursuant 11 U.S.C. § 544.

13. As AHMSI's title insurer, First American disputes Trustee's claims.

14. Trustee and First American have entered into a *Joint Stipulation and Settlement Agreement* (the "Agreement") to settle all disputes and avoid further litigation thereof, pursuant to which (a) First American will remit to Trustee the sum of $34,200.00 (the "Settlement Amount"), (b) Trustee will release AHMSI and First American from any and all other claims by the Estate, (c) First American will be entitled to a claim for the Settlement Amount that will be subordinated to all other allowed claims in the Case until such claims have received a distribution equal to twenty-five (25%) percent, after which its claim shall be allowed equally for purpose of further distributions, and (d) AHMSI will not independently assert any claim in this Case but will be deemed to have a valid first priority interest in the Property. A true and correct copy of the Agreement is marked Exhibit "A" and attached hereto and incorporated herein by reference.

15. The standard in the Eleventh Circuit for determining whether to approve a compromise or settlement pursuant to Rule 9019(a) was articulated in Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.), 898 F.2d 1544 (11th Cir. 1990):

6005933v1

16. When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider: (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. Id. at 1549.

17. Under the standard set forth above, Trustee believes the Court should grant the Motion and approve the Agreement. Trustee asserts that the Agreement is in the best interests of the Bankruptcy Estate because (a) there are a number of defenses regularly asserted to this type of avoidance action making the litigation time-consuming, expensive and difficult, (b) the avoidability of the Security Deed is strongly disputed here, (c) experience has shown that professional fees and expenses in this type of litigation, including appeals, will consume the amount at issue even if Trustee prevails, which is by no means certain, (d) the settlement obviates the need for this time-consuming, costly litigation thereby limiting the total costs of administrative expenses (to an estimated $20,000) through a prompt resolution and enabling the distribution to creditors to be two to three years sooner than would otherwise occur, (e) even if Trustee litigated and prevailed, AHMSI would then hold the largest unsecured claim in the case diluting the amount of the distribution to the other unsecured creditors, but the Agreement subordinates the unsecured claim of AHMSI thereby preserving greater funds for the other unsecured creditors ($31,721.00 total

6005933v1

scheduled) until those other creditors have received at least a 25% distribution. The approval of the Agreement will allow the Estate to recover $34,200.00 and converts an asset that would otherwise have no value for the Estate into an asset from which the Estate should generate a meaningful recovery.

18. Trustee asserts that the terms of the Agreement fall well within the range of reasonableness for settlement of this matter and will benefit the Estate, and therefore, respectfully requests that the Court grant the Motion.

WHEREFORE, having filed this Motion, Trustee prays that the Motion be granted, the Agreement approved, and that the Court grant Trustee such other and further relief as it may deem just and proper.

Respectfully submitted,

ARNALL GOLDEN GREGORY, LLP

By: *s/ Neil C. Gordon*
Neil C. Gordon/SBN 302387
171 17th Street, Suite 2100
Atlanta, Georgia 30363-1031
404.873.8596/neil.gordon@agg.com
Attorneys for the Chapter 7 Trustee

**EXHIBIT "A"**

Case 13-52749-bem    Doc 39    Filed 10/10/13    Entered 10/10/13 18:22:26    Desc Main
Document    Page 6 of 18

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 13-52749-BEM |
| | ) | |
| JESUS CRESENCIANO MEDINA, | ) | CHAPTER 7 |
| | ) | |
| Debtors. | ) | |
| | ) | |

JOINT STIPULATION AND SETTLEMENT AGREEMENT

This *Joint Stipulation and Settlement Agreement* (the "Agreement") is by and between Neil C. Gordon, Chapter 7 Trustee for the bankruptcy estate of Jesus Cresenciano Medina ("Trustee") and First American Title Insurance Company ("First American") (together, the "Parties"):

WHEREAS, Jesus Cresenciano Medina ("Debtor") filed his petition under Chapter 13 of Title 11 of the United States Code on February 8, 2013 (the "Petition Date"), together with *Schedules "A" through "J"* (the "Sworn Schedules"), thereby initiating Case No. 13-52749-BEM (the "Case"); and

WHEREAS, on April 24, 2013, the Case was converted to a proceeding under Chapter 7, at which time, Trustee was appointed interim Chapter 7 trustee, pursuant to 11 U.S.C. § 701; and

WHEREAS, the original meeting of creditors was scheduled for May 29, 2013, pursuant to 11 U.S.C. § 341(a) (the "341 Meeting"), but Debtor did not appear at that time, and the 341 Meeting was rescheduled to June 26, 2013; and

5989426v1

WHEREAS, Trustee conducted and concluded the 341 Meeting on June 26, 2013 and became permanent Chapter 7 trustee; and

WHEREAS, Debtor has an undivided one-half interest in the real property known generally as 2986 Kaley Drive, NW, Kennesaw, Cobb County, Georgia 30152 (the "Property"), which he jointly owns with Kristin Medina ("Ms. Medina"); and

WHEREAS, Debtor scheduled a "first mortgage" on the Property with a payoff in the amount of $175,865.00 in favor of American Home Mortgage Servicing, Inc. ("AHMSI") and a "second mortgage" in the amount of $33,000.00 in favor of Chase Mortgage; and

WHEREAS; on July 22, 2013, Trustee caused a *Notice of Bankruptcy Filing and Claim of Chapter 7 Trustee* (the "Trustee's Notice") to be recorded in the Property's chain of title, placing the whole world on notice of Trustee's claim of interest on the Property; and

WHEREAS, the *Security Deed* dated April 13, 2007 was recorded with the Superior Court of Cobb County on April 23, 2007 (the "Security Deed") in favor of HomeBanc Mortgage Corporation, it successors and assigns ("HomeBanc"); and

WHEREAS, AHMSI later acquired the Security Deed from HomeBanc; and

WHEREAS, Trustee has asserted that the Security Deed (a) lacks the signature of an official witness as required by O.C.G.A. § 45-17-6 because there is no notarial stamp or seal accompanying the signature of the witness who signed the "notary public" line; (b) was not in recordable form; and (c) if recorded nonetheless, would not provide actual or constructive notice as a matter of law (the "Attestation Defect"); and

5989426v1                                          2

WHEREAS, Trustee has asserted that the Attestation Defect renders the Security Deed unenforceable and avoidable by Trustee, pursuant 11 U.S.C. § 544; and

WHEREAS, as AHMSI's title insurer, First American disputes Trustee's claims; and

WHEREAS, on the basis of this Agreement, Trustee and First American mutually desire to settle all disputes and issues and avoid further litigation thereof for the sum of $34,200.00, along with a subordination of any claim of First American until all other allowed claimants have received a twenty-five (25%) percent distribution after which it shall be entitled to an allowed claim for the amount of $34,200 for purposes of any further distributions. It is understood that AHMSI will not independently assert any claim in this Case but will be deemed to have a valid first priority security interest in the Property.

NOW, THEREFORE, as set forth below, the Parties agree as follows:

1. Within ten (10) days of the execution of this Agreement, First American shall remit to Trustee THIRTY-FOUR THOUSAND TWO HUNDRED DOLLARS AND NO/100S ($34,200.00) (the "Settlement Payment") in the form of a cashier's check or official bank check made payable to "Neil C. Gordon, Chapter 7 Trustee (Medina)" and delivered to Trustee's attention, Arnall Golden Gregory LLP, 171 17th Street, N.W., Suite 2100, Atlanta, Georgia 30363-1031.

2. Following receipt of the Settlement Payment, the Trustee shall file a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure seeking the Bankruptcy

Court's approval of the Agreement (the "Settlement Motion"). Promptly upon entry of a final order approving the Settlement Motion (the "Settlement Order"), the Trustee shall file an Abandonment of the Property.

3. Upon Bankruptcy Court approval of this Agreement and receipt of the Settlement Payment in good funds, Trustee releases AHMSI and First American from any and all claims by the Estate and AHMSI shall have a valid first priority security interest in the Property.

4. Upon Bankruptcy Court approval of this Agreement, AHMSI and First American hereby release Trustee and the Estate from all claims and causes of action, except as that First American shall have a claim for the amount of the Settlement Payment that will be subordinated to all other allowed claims in the Case until such claims have received a distribution equal to twenty-five (25%) percent, after which its claim shall be allowed equally for purpose of further distributions.

5. The Parties each agree to take any and all actions and execute any other documents as may be reasonably required by Trustee or First American to effect the purpose and intent of this Agreement.

6. Any dispute over this Agreement shall be determined solely by the Court in this Case.

7. The Parties acknowledge and represent being fully advised by their respective legal counsel of their rights and responsibilities under this Agreement or, alternatively, having had an opportunity to retain the services of independent legal counsel and having affirmatively elected not to do so, that they have read, know and understand

completely the contents hereof, and that they have voluntarily executed the same. The Parties hereto further acknowledge having had input into the drafting of this Agreement or, alternatively, having had an opportunity to have input into the drafting of this Agreement. Accordingly, in any construction to be made of this Agreement, it shall not be construed for or against any party, but rather shall be given a fair and reasonable interpretation, based on the plain language of the Agreement and the expressed intent of the Parties.

8. This Agreement contains the entire, final, complete, and exclusive agreement between the Parties to the subject matter contained herein. There are no other representations, agreements, arrangements, or understandings, oral or written, between the Parties relating to the subject matter contained herein, which are not fully expressed herein.

STIPULATED AND AGREED TO this 04th day of October, 2013.

NEIL C. GORDON
CHAPTER 7 TRUSTEE

By: _____
Neil C. Gordon
State Bar No. 302387
ARNALL GOLDEN GREGORY LLP
171 17th Street, N.W.
Suite 2100
Atlanta, GA  30363-1031
Tel: (404) 873-8596 / Fax (404) 873-8597
Email: *Neil.gordon@agg.com*
Attorneys for Neil C. Gordon
Chapter 7 Trustee

FIRST AMERICAN TITLE
INSURANCE COMPANY

By: _____
Anthony G. Caroway, Esq.
Claims Counsel
[Signed by Neil C. Gordon with "express permission" granted October 9th 2013.]
Eastern Claims Center
Tallahassee Satellite
2082 Summit Lake Drive
Tallahassee, Florida  32317
Tel: (850) 296-3104
Email: *acaroway@firstam.com*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the following parties with a true and correct copy of the foregoing pleading by depositing same in the United States Mail, postage prepaid, addressed to:

Office of the U.S. Trustee
362 Richard Russell Federal Bldg.
75 Spring Street, S.W.
Atlanta, GA 30303

Anthony G. Caroway, Esq.
Claims Counsel
First American Title Insurance Company
Eastern Claims Center
Tallahassee Satellite
2082 Summit Lake Drive
Tallahassee, Florida 32317

Jesus Cresenciano Medina
2986 Kaley Drive NW
Kennesaw, Georgia 30153

American Home Mortgage Servicing Inc.,
c/o Elizabeth Childers
McCurdy & Candler, LLC
Six Piedmont Center, Suite 700
3525 Piedmont Road, NE
Atlanta, Georgia 30303

David E. Galler
The Galler Law Firm, LLC
Suite 525 – The Palisades
5901-A Peachtree Dunwoody Road, NE
Sandy Springs, Georgia 303287-5341

This 10th day of October, 2013.

/s/ Neil C. Gordon
Neil C. Gordon

6005933v1

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | CASE NO. 13-52749-BEM |
| ) | |
| JESUS CRESENCIANO MEDINA, ) | CHAPTER 7 |
| ) | |
| Debtors. ) | |
| ) | |

NOTICE OF HEARING

**PLEASE TAKE NOTE,** that pursuant to Fed. R. Bankr. P. 9019, Neil C. Gordon, Chapter 7 Trustee ("Trustee") for the bankruptcy estate (the "Estate") of Jesus Cresenciano Medina ("Debtor") has filed his *Motion for Approval of Settlement Agreement* (the "Motion") between Trustee and First American Title Insurance Company ("First American"). Debtor has an undivided one-half interest in the real property known generally as 2986 Kaley Drive, NW, Kennesaw, Cobb County, Georgia 30152 (the "Property"), which he jointly owns with Kristin Medina ("Ms. Medina"). Debtor scheduled two security deeds on the Property in favor of American Home Mortgage Servicing, Inc. ("AHMSI") and Chase Mortgage, respectively.

As more particularly described in the Motion, Trustee has asserted that the AHMSI Security Deed (the "Security Deed")was not attested in the manner required by Georgia law to provide constructive notice to *bona fide* purchasers such as Trustee (the "Attestation Defect"). Trustee asserted that the Attestation Defect rendered the Security Deed unenforceable and avoidable by Trustee, pursuant 11 U.S.C. § 544. As First AHMSI's title insurer, First American has strongly disputed Trustee's claims and raised numerous defenses thereto.

6005937v1

Trustee and First American have entered into a *Joint Stipulation and Settlement Agreement* (the "Agreement") to settle all disputes and avoid further litigation thereof, pursuant to which (a) First American will remit to Trustee the sum of $34,200.00 (the "Settlement Amount"), (b) Trustee will release AHMSI and First American from any and all other claims by the Estate, (c) First American will be entitled to a claim for the Settlement Amount that will be subordinated to all other allowed claims in the Case until such claims have received a distribution equal to twenty-five (25%) percent, after which its claim shall be allowed equally for purpose of further distributions, and (d) AHMSI will not independently assert any claim in this Case but will be deemed to have a valid first priority interest in the Property. A true and correct copy of the Agreement is marked as Exhibit "A" and attached to the Motion.

Trustee asserts that the Agreement is in the best interests of the Estate as it will enable the Trustee to make a meaningful distribution to creditors of the Estate. Without the Agreement, the cost of time-consuming litigation could easily exceed the value of any recovery, which itself is not certain.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the Motion in **Courtroom 1402, Richard B. Russell Building, 75 Spring Street, S.W., Atlanta, Georgia at 30303, at 10:00 a.m. on November 6, 2013.**

Your rights may be affected by the Court's ruling on this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.). If you do not want the Court to grant the relief sought in this pleading or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two (2) business days before the hearing. The address of the Clerk's Office is: Clerk, U.S. Bankruptcy Court, Suite 1340, 75 Spring Street, S.W., Atlanta, Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

6005937v1

The Motion is available for review in the Clerk's Office, United States Bankruptcy Court, during normal business hours or online at http://ecf.ganb.uscourts.gov (registered users) or at http://pacer.psc.uscourts.gov (unregistered users).

October10th, 2013

ARNALL GOLDEN GREGORY, LLP

By: s/ Neil C. Gordon
Neil C. Gordon
State Bar No. 302387
171 17th Street, N.W.
Suite 2100
Atlanta, Georgia 30363-1031
Phone: (404) 873-8596
Email: neil.gordon@agg.com
Attorneys for Neil C. Gordon
Chapter 7 Trustee

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing *Notice of Hearing on Motion for Approval of Settlement Agreement* by depositing same in the United States Mail, postage prepaid, addressed to:

Office of the U.S. Trustee
362 Richard Russell Building
75 Spring Street, S.W.
Atlanta, GA  30303

Anthony G. Caroway, Esq.
Claims Counsel
First American Title Insurance Company
Eastern Claims Center
Tallahassee Satellite
2082 Summit Lake Drive
Tallahassee, Florida 32317

Jesus Cresenciano Medina
2986 Kaley Drive NW
Kennesaw, Georgia 30153
American Home Mortgage Servicing Inc., c/o Elizabeth Childers
McCurdy & Candler, LLC
Six Piedmont Center, Suite 700
3525 Piedmont Road, NE
Atlanta, Georgia 30303

David E. Galler
The Galler Law Firm, LLC
Suite 525 – The Palisades
5901-A Peachtree Dunwoody Road, NE
Sandy Springs, Georgia 303287-5341

and to all creditors listed on Exhibit "A" attached hereto.

This 10th day of October, 2013.

/s/ Neil C. Gordon
Neil C. Gordon

6005937v1

```
Label Matrix for local noticing          Capital One Auto Finance                 Office of the United States Trustee
113E-1                                    Ascension Capital Group, Inc.            362 Richard Russell Building
Case 13-52749-bem                         Attn: Capital One Auto Finance           75 Spring Street, SW
Northern District of Georgia              Department                               Atlanta, GA 30303-3315
Atlanta                                   P.O. box 201347
Thu Oct 10 17:29:33 EDT 2013              Arlington, TX 76006-1347

American Home Mtg Srv                     Bank Of America                          Bank Of America
1525 S. Belt Line Rd                      Attn: Bankruptcy NC4-105-03-14           Po Box 1598
Coppell, TX 75019-4913                    Po Box 26012                             Norfolk, VA 23501-1598
                                          Greensboro, NC 27420-6012


Capital One Auto Finance                  Capital One Auto Finance                 Capital One Auto Finance
3901 Dallas Pkwy                          3901 N Dallas Pkwy                       c/o Ascension Capital Group
Plano, TX 75093-7864                      Plano, TX 75093-7864                     P.O. Box 201347
                                                                                   Arlington, TX 76006-1347


Chandler Ridge HOA                        Chase Mtg                                (p)CITIBANK
POB 1381                                  10790 Rancho Bernardo Rd                 PO BOX 790034
Kennesaw, GA 30156-8381                   San Diego, CA 92127-5705                 ST LOUIS MO 63179-0034


Citibank Sd, Na                           Kristin Medina                           Wells Fargo Bank
Po Box 6241                               2986 Kaley Drive NW                      18700 Nw Walker Rd
Sioux Falls, SD 57117-6241                Kennesaw, GA 30152-2677                  Beaverton, OR 97006-2950


Wells Fargo Bank, NA                      Wells Fargo Card Services                David E. Galler
Wells Fargo Card Services                 1 Home Campus 3rd Floor                  The Galler Law Firm, LLC
1 Home Campus 3rd Floor                   Des Moines, IA 50328-0001                Suite 525 - The Palisades
Des Moines, IA 50328-0001                                                          5901-A Peachtree Dunwoody Rd., NE
                                                                                   Sandy Springs, GA 30328-7164

Jesus Cresenciano Medina                  Neil C. Gordon
2986 Kaley Drive NW                       Arnall, Golden & Gregory, LLP
Kennesaw, GA 30152-2677                   Suite 2100
                                          171 17th Street, NW
                                          Atlanta, GA 30363-1031
```

             The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
             by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Citibank Sd, Na
Attn: Centralized Bankruptcy
Po Box 20507
Kansas City, MO 64195
```



             The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)American Home Morgage Servicing      (u)Ocwen Loan Servicing, LLC         End of Label Matrix
                                                                             Mailable recipients    19
                                                                             Bypassed recipients     2
                                                                             Total                  21
```